{¶ 15} Crim.R. 12(E) provides that where factual issues are involved in determining a motion to suppress, the trial court must state its essential findings on the record.
 {¶ 16} The majority opinion states:
 {¶ 17} "Here, two flatly contradictory stories were left unresolved by the court below. The court's order, therefore, cannot be reviewed by this court. In other words, because of the factual inconsistencies and the trial court's failure to provide findings of fact, this court is unable to determine whether the trial court correctly applied the law to the facts."
 {¶ 18} With all due respect, I dissent.
 {¶ 19} The trial court stated the following finding on the record:
 {¶ 20} "THE COURT: Supreme Court has set up a higher standard for the police officer. The police officer must be — comply with all the rules here.
 {¶ 21} "I have a problem with the conflict in the testimony.
 {¶ 22} "The defendant said they never got out of the car. The police officer said they called him over. I got a problem with this calling him over. I don't think that gives them probable cause to investigate.
 {¶ 23} "If he had come to him — I'm going to grant the Motion to Suppress.
 {¶ 24} MR. McGOWAN: Your Honor —
 {¶ 25} THE COURT: Motion to Suppress is granted."
 {¶ 26} The trial court obviously believed the defendant and not the police officer; consequently, under Crim.R. 12(E), this is an essential finding, which dictates the outcome of the motion to suppress. As such, I would affirm the trial court's decision.
KEYWORD SUMMARY
Driving under the influence; motion to suppress — Crim.R. 12(E): findings of fact.